NO. 07-11-00380-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 18, 2011

IN RE ALLEN A. NEWSOME, RELATOR

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator, Allen A. Newsome, has filed a petition for writ of mandamus requesting this Court direct this Court, the State, or his appointed appellate attorney to provide him a copy of the record of his conviction for aggravated sexual assault of a child so that he can prepare an application for writ of habeas corpus under Texas Code of Criminal Procedure article 11.07. This Court has previously affirmed appellant's conviction for the aggravated sexual assault of a child. See Newsome v. State, No. 07-08-0217-CR, 2009 Tex.App. LEXIS 9402, at *15 (Tex.App.—Amarillo Dec. 10, 2009, no pet.) (not designated for publication). We deny the petition.

Texas Rule of Appellate Procedure 52.3[1] identifies the requirements of a petition for writ of mandamus filed in this Court. Newsome has failed to comply with these

---

[1]Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of their counsel. Newsome does not include any such list. Newsome directs his complaint regarding failure to provide copies of records against "the Court or State or his appointed attorney." It appears that the Court he refers to is this Court and that his reference to his appointed attorney refers to his appellate counsel as opposed to trial counsel. Under any circumstance, Newsome has not provided a clear identification of all parties and the addresses of their counsel. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Newsome's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Newsome's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case that includes a concise description of the nature of the underlying proceeding. Newsome's petition does not contain a statement of the case, and does not include a concise description of the nature of the underlying proceeding. Rule 52.3(e) requires the petition include a statement regarding the basis of this Court's jurisdiction. Newsome's petition does not include a jurisdictional statement. Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Newsome's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Newsome's petition does not include a statement of facts. Rule 52.3(h) requires a clear and concise argument for the contentions made,

2

with appropriate citations to authorities. Newsome's argument is not clear nor does it identify any authority that would authorize the relief sought. Rule 52.3(i) requires the petition include a short conclusion that clearly states the nature of the relief sought. While not contained within a conclusion, Newsome's petition does clearly state the nature of the relief sought. However, as will be addressed below, Newsome is not entitled to the relief that he seeks by this petition. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Newsome has not included an appendix to his petition. As each of these items is required in a petition for writ of mandamus and Newsome has failed to comply with these requirements, we may not grant the relief that he requests.

Additionally, Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that a document is filed with this Court, a copy of the document must be served on all parties to the proceeding. Newsome's petition does not include a certificate of service or otherwise establish that any purported parties to this proceeding were served with Newsome's petition.

Finally, in the interest of judicial economy, Newsome's petition requests that this Court direct "the Court or State or his appointed attorney" to provide him copies of the record from his criminal appeal so that Newsome can prepare a petition for writ of habeas corpus. Although an indigent defendant has a constitutional right to a free appellate record in a first appeal of right, see Britt v. North Carolina, 404 U.S. 226, 227, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), Newsome's first appeal of right has already

3

occurred.  Conversely, an indigent criminal defendant is not entitled -- either as a matter of equal protection or due process -- to a free transcription of prior proceedings for use in pursuing post-conviction habeas corpus relief.  See United States v. MacCollom, 426 U.S. 317, 322-24, 96 S.Ct. 2086, 48 L.Ed.2d 666, (1976).  As such, Newsome is not entitled to the relief that he seeks by this petition.

For the foregoing reasons, we deny Newsome's petition.


Mackey K. Hancock
Justice